UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RA'MAR DANIELS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 1:21-cv-01855-SEB-MG |
| | ) |
| DENNIS, | ) |
| | ) |
| Respondent. | ) |

**Order Denying Petition for Writ of Habeas Corpus
and Directing Entry of Final Judgment**

Ra'Mar Daniels' petition for a writ of habeas corpus challenges a prison disciplinary proceeding identified as ISR 21-01-0242. For the reasons explained in this Order, Mr. Daniels' habeas petition must be **denied**.

**A. Overview**

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal,* 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell,* 418 U.S. 539, 563-67 (1974).

### B. The Disciplinary Proceeding

On January 28, 2021, Officer Gregory issued a Report of Conduct ("Conduct Report") charging Mr. Daniels with a violation of Code A-106, Possession of Dangerous/Deadly Contraband/Property. Dkt. 6-1. The Conduct Report states:

> On 01/28/2021 at approx. 1:28 P.M. I, Officer Gregory conducted a safety shakedown of cell 22-5f belonging to offender Daniels, Ramar DOC #104542. While conducting this security shakedown, I discovered a maroon piece of plastic sharpened to a point, inside a green plastic bag, inside a bag of trash, inside of JCH 22-5f.

*Id.* (errors in original). The record includes the state form evidence record describing the item found in Mr. Daniels' cell and a photograph of the item. Dkt. 6-2.

Mr. Daniels received a copy of the Conduct Report and the Screening Report on February 15, 2021. Dkts. 6-1, 6-3. He pleaded not guilty to the charge and requested a lay advocate. Dkt. 6-3. The Screening Report also indicates that Mr. Daniels would submit a request for physical evidence at a later time. *Id.*

After a few postponements, dkt. 6-4, a disciplinary hearing was held on March 23, 2021, dkt. 6-5. The hearing officer was John Miller, and he noted that Mr. Daniels' statement was, "I filed PREA[1] on you." Dkt. 9-5. Considering staff reports, Mr. Daniels' statement, and the photograph of the item found in Mr. Daniels' cell, the hearing officer found Mr. Daniels guilty of violating Code A-106, Possession of Dangerous/Deadly Contraband/Property. *Id.* Mr. Daniels received the following sanctions: (1) a written reprimand; (2) deprivation of 180 days of earned credit time; and (3) one-level demotion in credit-earning class. *Id.*

Mr. Daniels filed an appeal to the facility head, which was denied on April 29, 2021. Dkt. 6-6. The respondent asserts that Mr. Daniels did not appeal to the Final Reviewing Authority, *see*

---

[1] "PREA" stands for Prison Rape Elimination Act. *See* 34 U.S.C. § 30301, *et seq.*

dkt. 6 at 5-7 *and* dkt. 6-7, but Mr. Daniels alleges that he did, dkt. 7. Mr. Daniels filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in September 2021. Dkt. 1.

**C. Analysis**

Mr. Daniels asserts several challenges to his disciplinary conviction: (1) there was insufficient evidence to support the hearing officer's determination of guilt; (2) the hearing officer was not impartial; (3) he was denied evidence that he requested; and (4) the Conduct Report is false, and he is the victim of harassment. For the reasons explained below, none of these challenges warrants habeas relief.

*1. Sufficiency of the Evidence*

Mr. Daniels raises two arguments against the sufficiency of the evidence supporting his disciplinary conviction: (1) the officer who searched the cell did not remove anything; and (2) he did not possess the item found in his cell because it "was thrown away in the trash." Dkt. 1 at 3-4.

"[A] hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison*, 820 F.3d at 274. The "some evidence standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56. Once the Court finds "some evidence" supporting the disciplinary conviction, the inquiry ends. *Jones v. Cross*, 637 F.3d 841, 849 (7th Cir. 2011). The Court may not "reweigh the evidence underlying the hearing officer's decision" or "look to see if other record evidence supports a contrary finding." *Rhoiney*, 723 F. App'x at 348.

Mr. Daniels was convicted of violating Code A-106 which prohibits "[p]ossession or use of any explosive, ammunition, hazardous chemical (e.g., acids or corrosive agents), or dangerous

or deadly weapon." Dkt. 6-8 at 2. The Conduct Report states that an officer found a "piece of plastic sharpened to a point" in Mr. Daniels' cell, and it included a photograph of that object. Dkt. 6-1; dkt. 6-2. This is "some evidence" that Mr. Daniels possessed a dangerous or deadly weapon.

Mr. Daniels' argument that the officer did not take anything out of the cell was an appropriate argument for him to raise as a defense to the disciplinary charge, but it is beyond the scope of this Court's review. Because some evidence supported the hearing officer's determination of guilt, the Court cannot reweigh the evidence and conclude that the object was not found in Mr. Daniels' cell. *See Rhoiney*, 723 F. App'x at 348.

Mr. Daniels contends that there is insufficient evidence to support his disciplinary conviction because it is undisputed that the object was found in the trash, meaning that it was "discarded," and that Mr. Daniels did not possess it. *See* dkt. 1 at 4. However, Indiana Department of Correction policy defines "possession" as "[o]n one's person, in one's quarters, in one's locker or under one's physical control." Dkt. 6-9 at 6. The definition further explains that "an offender is presumed to be responsible for any property, prohibited property or contraband that is located on their person, within their cell or within areas of their housing, work, educational or vocational assignment that are under their control." *Id.* While the object might have been found in the trash, the Conduct Report clearly states that the trash was located inside Mr. Daniels' cell. *See* dkt. 6-1. The trash—and everything in it—was in Mr. Daniels' cell and therefore was still in his possession.

### 2. Impartial Decisionmaker

Mr. Daniels next asserts that he was denied his right to be heard by an impartial decisionmaker because he had filed a PREA complaint against the hearing officer and because the hearing officer had been involved in a prior disciplinary proceeding against Mr. Daniels. Dkt. 1 at 4-5.

4

A "sufficiently impartial" decisionmaker is necessary in disciplinary proceedings in order to shield the inmate from an arbitrary deprivation of his liberties. *Gaither v. Anderson*, 236 F.3d 817, 820 (7th Cir. 2000) (per curiam). Hearing officers "are entitled to a presumption of honesty and integrity" absent clear evidence to the contrary. *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003); *see also Perotti v. Marberry*, 355 F. App'x 39, 43 (7th Cir. 2009). "[T]he constitutional standard for impermissible bias is high," and hearing officers "are not deemed biased simply because they presided over [an inmate's] previous disciplinary proceeding" or because they are employed by the Indiana Department of Correction. *Piggie*, 342 F.3d at 666. The presumption is overcome—and an inmate's right to an impartial decisionmaker is breached—in rare cases, such as when the hearing officer has been "directly or substantially involved in the factual events underlying the disciplinary charges, or in the investigation thereof." *Id.* at 667.

Simply put, Mr. Daniels has not presented clear evidence to overcome the presumption that the hearing officer was impartial. First, the hearing officer is not impermissibly biased on the basis that he presided over other disciplinary proceedings involving Mr. Daniels. *See id.* at 666. Second, Mr. Daniels' argument that the hearing officer was impartial because Mr. Daniel's filed a PREA complaint against him is speculation. Mere speculation is not enough to overcome the high hurdle of the presumption of impartiality, and as explained above, there is sufficient evidence to support his disciplinary conviction.

### 3. Denial of Evidence

Mr. Daniels' third argument is that he "was denied all the evidence he requested." Dkt. 1 at 5. He alleges that video evidence from another disciplinary action, ISR 21-01-0241, would show that the officer who claimed to have Mr. Daniels' property had nothing. *Id.*

5

Due process requires "prison officials to disclose all material exculpatory evidence," unless that evidence "would unduly threaten institutional concerns." *Jones*, 637 F.3d at 847 (citation and quotation marks omitted). In the prison disciplinary context, "the purpose of the [this] rule is to insure that the disciplinary board considers all of the evidence relevant to guilt or innocence and to enable the prisoner to present his or her best defense." *Id.* citation and quotation marks omitted). Evidence is exculpatory if it undermines or contradicts the finding of guilty, *see id.*, and it is material if disclosing it creates a "reasonable probability" of a different result, *Toliver v. McCaughtry*, 539 F.3d 766, 780-81 (7th Cir. 2008). When prison administrators believe a valid justification exists to withhold evidence, "'due process requires that the district court conduct an in camera review' to assess whether the undisclosed [evidence] is exculpatory." *Johnson v. Brown*, 681 F. App'x 494, 497 (7th Cir. 2017) (quoting *Piggie v. Cotton*, 344 F.3d 674, 679 (7th Cir. 2003)).

Mr. Daniels' argument that he was improperly denied evidence fails because the video evidence requested is not exculpatory. The respondent has submitted the video evidence review report from ISR 21-01-0241, and it indicates that the officer left Mr. Daniels' cell with his property. Dkt. 6-10. There is nothing in the video that creates a reasonable probability of a different result in this disciplinary proceeding, and therefore, Mr. Daniels is not entitled to habeas relief on this basis.

### 4. Harassment

Finally, Mr. Daniels contends that he has been the victim of a false conduct report and harassment. Dkt. 1 at 4-5. "Prisoners have a right to be free from arbitrary actions by prison officials." *Burton v. Davis*, 41 F. App'x 841, 845 (7th Cir. 2002). However, "the protection from such actions is found in the procedures mandated by due process." *Id.*; *see also McPherson v.*

*McBride*, 188 F.3d 784, 787 (7th Cir. 1999) ("[W]e have long held that as long as procedural protections are constitutionally adequate, we will not overturn a disciplinary decision solely because evidence indicates the claim was fraudulent."). Mr. Daniels has not established a due process violation, so this claim must fail.

### D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Daniels to the relief he seeks. Accordingly, his petition for a writ of habeas corpus is **denied** and this action is **dismissed with prejudice**.

Judgment consistent with this Order shall now issue.

**IT IS SO ORDERED.**

Date:  4/15/2022

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

RA'MAR DANIELS
104542
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Inmate Mail/Parcels
4490 West Reformatory Road
PENDLETON, IN 46064

Frances Hale Barrow
INDIANA ATTORNEY GENERAL
frances.barrow@atg.in.gov